UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| JAMES L. VARIN, JR. and TYLER C. VARIN,<br>    Plaintiffs,<br><br>    v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br>    Defendant. | C.A. No. 25-270-JJM-AEM |

ORDER

James Varin, Sr. was a Providence firefighter who died of brain cancer caused by his on-the-job exposure to carcinogens. ECF No. 1 ¶¶ 9-10. Through his Collective Bargaining Agreement ("CBA"), he had a life insurance policy with Defendant The Prudential Insurance Company of America. *Id.* ¶ 3. His sons and beneficiaries, Plaintiffs James L. Varin, Jr. and Tyler C. Varin, filed this declaratory judgment action against Prudential seeking $100,000 under the accidental injury provision because they allege that their father's cancer was an injury in the line of duty. ECF No. 1. Prudential moves to dismiss the complaint. ECF No. 6.[1] Because the Court finds that Plaintiffs' allegations are sufficient to state a claim for relief, the Court denies Prudential's motion.

---

[1] Plaintiffs filed a Sur-Reply with exhibits discussing modern scientific research about cancer in firefighters. Prudential has also moved to strike Section II and the associated exhibits to the Sur-Reply because they present new facts and argument not responsive to Prudential's reply. ECF No. 19. The Court did not review the Sur-Reply or related exhibits prior to making its decision to deny Prudential's Motion to Dismiss so its Motion to Strike is DENIED AS MOOT.

I.   FACTS[2]

As a firefighter, Mr. Varin was represented by Local 799 of the International Association of Firefighters, AFL-CIO who negotiated CBAs on their members' behalf. ECF No. 1 ¶ 11.  The CBA contained the following provision related to life insurance: "The City shall provide life insurance of One Hundred Thousand Dollars ($100,000.00) on the life of each member of the bargaining unit.  The City shall provide life insurance in the maximum amount of Two Hundred Thousand Dollars ($200,000.00) for each member of the Bargaining Unit who dies from injuries sustained while in the line of duty." *Id.* ¶ 12.

Mr. Varin was covered under the policy as a member of the City's Fire Department. *Id.* ¶ 3.  Under the terms of the policy, a City Fire Department employee has $100,000 in basic life insurance coverage and $100,000 in basic accidental death and dismemberment ("AD&D") insurance coverage.   ECF No. 7-2 at 9-10.  The basic AD&D coverage under the policy "pays benefits for accidental Loss which results from an accident."  *Id.* at 19.  AD&D benefits are payable if: (1) the insured employee sustains an accidental bodily injury while a covered person. (2) The loss results directly from that injury and from no other cause. (3) The insured employee suffers the loss within 365 days after the accident.  *Id.* at 20.  A loss of life is a covered loss under the policy if it meets all policy requirements. *Id.*  "A Loss is not covered if it

---

[2] Because the insurance policy and CBA are sufficiently referenced in the complaint and other pleadings, the Court can consider them without converting this motion to dismiss into a motion for summary judgment. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

results from…Sickness, whether the Loss results directly or indirectly from the Sickness." *Id.* at 21. Sickness is "Any disorder of the body or mind of a Covered Person, but not an Injury." *Id.* at 36.

Prudential paid Plaintiffs $100,00 upon Mr. Varin's death but denied their additional claim for $100,000 under the AD&D benefit, concluding that his death from brain cancer "did not result of an accidental bodily injury" and "did not result solely from an accidental bodily injury." ECF No. 1 ¶25. Plaintiffs filed this declaratory judgment, asking the Court to 1) declare that James Varin, Sr.'s death was a bodily injury under his Prudential life insurance policy; 2) declare that bodily injury through occupational carcinogen exposure was the sole cause of James Varin, Sr.'s death; and 3) enter judgment of $100,000 and attorney's fees and costs. *Id.* at 6-7.

## II. STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility is based on assuming the pleaded facts are true and reading them in the plaintiff's favor. *Klunder v. Tr. & Fellows of Coll. or Univ. in English Colony of Rhode Island & Providence Plantations*, No. C.A. 10-410 ML, 2012 WL 5936565, at *1 (D.R.I. Nov. 27, 2012). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

3

possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### III.  DISCUSSION

Prudential moves to dismiss this claim under its interpretation of the policy. ECF No. 6. It argues that Mr. Varin's cancer is not an accidental bodily injury because it was not the result of an accident and is not an "injury" as defined by the policy. *Id.* at 1. And even if it could be considered an accidental bodily injury, it argues that coverage is excluded under the sickness exception. *Id.* Plaintiffs argue that their complaint allegations, backed up by state public policy, are sufficient to state a claim at this stage. ECF No. 12.

In their complaint, Plaintiffs allege that Mr. Varin's cause of death was glioblastoma, a cancer that could be caused by carcinogenic exposure. ECF No. 1 ¶¶ 7-10. They also allege that Mr. Varin was exposed to carcinogens in his job as a firefighter and that his employer, the City of Providence, considers his death to be an injury in the line of duty. *Id.* ¶¶ 7-10, 13. Plaintiffs cite to the CBA, which states that whenever a firefighter dies from cancer, it is presumed to be an injury resulting from their firefighting duties. *Id.* ¶ 16. In addition, they reference a state statute, R.I. Gen. Laws § 45-19.1-1, which also states that firefighters are exposed to carcinogens, so cancer is a recognized occupational hazard under Rhode Island law. *Id.* ¶¶ 17-18. At this stage of the litigation, the Court finds that these allegations are sufficient to state a claim under the policy.

Prudential argues that it is not bound by the CBA because it is not a party to that contract.  ECF No. 7 at 2.  Plaintiffs allege, however, that Prudential knew about the CBA's terms prior to writing the policy, including its presumption that cancer is an on-the-job injury because the Union shared the CBA provisions with Prudential during the life insurance policy negotiations.  ECF No. 1 ¶¶ 14-16.  It is plausible that Prudential knew what benefits the Union expected to provide its members because the CBA states that members have a $100,000 life insurance policy with a maximum of $200,000 for deaths sustained in the line of duty, and that is exactly what the Prudential policy at issue here provides.  ECF No. 1 ¶ 12; 7-2 at 9.

In addition, Prudential claims that the Rhode Island statute Plaintiffs cite guiding public policy is not applicable to this insurance coverage case.  ECF No. 7 at 2.  However, it is plausible that Prudential knew of the state law as an insurance company doing business in the state, especially as an insurance company doing business with the state and its employees.

As for the sickness exception, Prudential argues that it applies because cancer is generally recognized as a sickness not an injury.  *Id.* at 13-14.  The policy provides that a loss is not covered if it results from sickness, which is defined as "Any disorder of the body or mind of a Covered Person, but not an Injury."  ECF No. 7-2 at 36.  If discovery proves that Plaintiffs' claims are covered because the Prudential policy was negotiated to cover cancer as an on-the-job injury, then their father's cancer would be an "injury" not a "sickness" as defined in the policy.  Therefore, the Court finds that the complaint states a claim for declaratory relief.

## IV.  CONCLUSION

For the reasons discussed above, the Court DENIES Prudential's Motion to Dismiss.  ECF No. 6.  The Court DENIES AS MOOT Prudential's Motion to Strike.  ECF No. 19.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

October 15, 2025